UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KING COUNTY,

          Plaintiff,

   v.

MERRILL LYNCH & CO., INC., et al.,

          Defendants.

CASE NO. C10-1156-RSM

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL

## I. INTRODUCTION

This matter is before the Court for consideration of a motion to compel by Plaintiff King County, Washington. Plaintiff moves to compel the production of documents and statements requested in Plaintiff's Request for Production numbers 140-154. Dkt. # 54, p. 2.

## II. DISCUSSION

**A. Background**

Defendant Merrill Lynch "sold over $100 million of what it represented to be 'prime commercial paper'" to Plaintiff between July 27, 2007 and August 2, 2007. Dkt. # 1, p. 2. The

subject commercial paper was known as Mainsail II and Victoria Finance. *Id.* Plaintiff alleges that Defendant Merrill Lynch "misrepresent[ed] the risk and other characteristics of what were supposed to have been safe, conservative, and liquid money market investments[.]" *Id*. at p. 1. At a later date, the subject commercial paper "became illiquid as their value plummeted[.]" Dkt. # 1, p. 2. Plaintiff filed this lawsuit on July 16, 2010, bringing claims under the Washington State Securities Act ("WSSA") alleging that Defendants have violated RCW 21.20.010 and RCW 21.20.430 of the WSSA. *See* Dkt. # 1. Plaintiff also brings a claim for breach of contract. *Id.*

Upon investigating its claims against Defendants, Plaintiff "learned that other governmental entities had pursued claims against [Defendants] based on their purchases of Mainsail commercial paper in and around July and August 2007." Dkt. # 54, p. 3. These governmental entities include Maine, New Hampshire, and Duluth, Minnesota. *Id.* at 3-4.

On December 2, 2010 Plaintiff served its Request for Production of Documents (RFP) on Defendants. Dkt. # 54, Ex. 2, p. 4. RFP numbers 140-152 sought "transcripts, emails and documents that were provided to or received from Maine, New Hampshire, Duluth, or other governmental entities as part of an investigation or proceeding arising from Merrill's sale of Mainsail or Victoria commercial paper." Dkt. # 54, Ex. 2, p. 4-5. RFP numbers 153 and 154 sought "copies of any protective order or confidentiality agreement relating to those materials." *Id*. at 5. On January 28, 2011, Defendants responded to the RFP. Dkt. # 55, Ex. 1, p. 2. In their response, Defendants objected to RFP numbers 140-154 as follows:

> Merrill objects to the request on the grounds that it is unduly burdensome, oppressive and harassing. Merrill objects on the ground that it seeks information that is neither relevant to the parties' claims or defenses asserted in the action nor reasonably calculated to lead to the discovery of admissible evidence. This request is also vague and overbroad as to the relevant time period. Merrill objects to this request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity. Merrill objects to this request to the extent it seeks documents that

contain private, confidential or proprietary information. Merrill objects on the grounds that the term "Documents" is vague, confusing and ambiguous, and therefore it is difficult to respond without speculating as to the meaning of this request.

Dkt. #54, Ex. 2, p. 41-51. Defendants further stated in their response to Plaintiff's RFP that they "st[ood] on [their] objections and [would] not produce documents responsive to [RFP numbers 140-154]." *Id.*

Plaintiff moves to compel production of documents, asserting that the requests are reasonably tailored and thus are not overbroad, the documents are not protected, other governmental investigations are discoverable, and the requested documents are relevant. *See* Dkt. # 54, 56. The parties do not dispute that they have attempted to resolve this issue without court intervention and have both submitted declarations describing the parties' meetings and communication. *See* Dkt. # 54, Att. 2; Dkt. # 55, Att. 1.

**B. Standard**

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005). For purposes of discovery, relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir.1992). The Court must limit the scope of discovery otherwise allowable under the federal rules if it determines that: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case,

the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(2)(C).

**C. Analysis**

Defendants offer several arguments regarding why they should not be required to produce all of the government investigation documents at issue in this motion. First, they argue that Plaintiffs' request is not limited to investigations concerning Mainsail II and Victoria Finance. Therefore, Plaintiffs are requesting discovery on securities that were never even purchased by King County, let alone a subject of this lawsuit. Second, Defendants contend that allowing production of all of the documents provided to government authorities would allow Plaintiffs to circumvent the limitations on the scope of discovery established by the Federal Rules of Civil Procedure since state and federal governments have broader investigatory powers than private litigants. Finally, Defendants argue that a discovery request that demands the production of "cloned discovery" from another matter, however related the other matter may be, is necessarily overbroad and improper.

The Court declines to make a determination at this juncture whether information regarding other Mainsail or Victoria securities besides those at issue in this lawsuit might be relevant to Plaintiffs' claims. It is certainly possible that such information could lead to the discovery of admissible evidence regarding the securities that are at issue. The Court likewise declines to consider the extent to which the Federal Rules of Civil Procedure and the broad investigatory powers of state and federal governments are equivalent in scope. *See EEOC v. Konica Minolta Business Solutions, U.S.A., Inc.,* 639 F.3d 366, 369 (7th Cir. 2011) (suggesting that the two standards may not be that far apart). However, the Court holds that discovery requests that seek duplicates of discovery produced in other litigation is improper as failing to make the requisite showing of relevance.

This Court is inclined to agree that "'[c]loned discovery', requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial unless the fact that particular documents were produced or received by a party is relevant to the subject matter of the subject case." *Midwest Gas Servs., Inc. v. Indiana Gas Co.,* IP99-0690-C-Y/G, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000). This is because, without more, the Court cannot ascertain whether the documents requested actually relate to Plaintiffs' claims and defenses. *See Wollam v. Wright Medical Group, Inc.*, 2011 WL 1899774, 2 (D.Colo.) (2011) ("Direct requests allow a court to consider the relevance of the information sought to the specific claims and defenses in the pending case."). Although some portion of documents encompassed by Plaintiffs' request may be relevant, the Court has no method of determining which of those documents are relevant, and which are not. It may very well be that each and every document produced in the government investigations is relevant to Plaintiff's claims. However, Plaintiff must make proper discovery requests, identifying the specific categories of documents sought, in order to obtain them – and each category must be relevant to its claims and defenses.

To be clear, documents, communications, statements and other discovery concerning the investigation of Mainsail II and/or Victoria Finance are relevant to Plaintiff's claims. To establish liability under the WSSA, the purchaser of a security must establish that the seller and/or others made material misrepresentations or omissions about the security, and the purchaser relied on those misrepresentations or omissions. *Stewart v. Estate of Steiner*, 93 P.3d 919, 922 (Wash. App. 2004). It is possible that some of the documents produced in the Mainsail/Victoria government investigations, to the extent that they concern investigations into the same commercial paper sold to other governmental entities during the same time period that they were sold to King County, would likely to lead to information regarding whether

Defendants knew of problems with the Mainsail II and Victoria Finance commercial paper at the time that it was sold. In turn, whether Defendants knew of problems with Mainsail II and Victoria Finance commercial paper when it was sold to Plaintiff is central to Plaintiff's contention that such misrepresentations occurred. Thus, documents that relate to Defendants' knowledge about problems with Mainsail II and Victoria Finance are relevant to Plaintiffs' claims.

However, this is not what Plaintiff is requesting. Rather, Plaintiff requests copies of discovery files made in the course of other investigations – discovery that may or may not contain such relevant documents. Since Plaintiff does not contend that the <u>fact</u> that Defendants produced documents to investigating government bodies is relevant to their claim, the discovery requests here at issue are not relevant. The motion to compel is DENIED.

## III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Plaintiff's Motion to Compel (Dkt. # 54) is DENIED.

(2) The Clerk of the Court is directed to forward a copy of this order to all counsel of record.

Dated this 5th day of August 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE