1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10 | KING COUNTY, WASHINGTON,

CASE # 2:10-cv-01156-RSM

11 |          Plaintiff,

ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS'

12 |     v.

MOTION TO STRIKE
ALLEGATIONS FROM FIRST

13 | MERRILL LYNCH & CO., INC., a

AMENDED COMPLAINT

Delaware corporation; MERRILL

14 | LYNCH MONEY MARKETS, INC., a
Delaware corporation; MERRILL

15 | LYNCH, PIERCE, FENNER AND
SMITH, INC., a Delaware corporation;

16 | and DOES 1-100,

17 |          Defendants.

18

19

## I. INTRODUCTION

20

     This matter comes before the Court upon Defendants' motion to strike allegations from

21

Plaintiff's First Amended Complaint ("FAC").  Dkt. # 80.  For the following reasons,

22

Defendants' motion to strike is GRANTED IN PART and DENIED IN PART.

23

24

## II. DISCUSSION

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored. *Bogazici Hava Tasimaciligi A.S. v. McDonnell Douglas Corp.*, 1991 WL 73738, at *2 (9th Cir. May 9, 1991). Rule 12(f) confers few benefits. It purports to be a vehicle for dispensing with spurious issues before trial. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). But its text limits the available relief to a few narrow categories of content in the pleadings. Unsurprisingly, courts tend to view Rule 12(f) motions as dilatory or harassing. *See* 5C Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1380 (3d ed. 2004).

The use of Rule 12(f) would be less objectionable if there were no better way to narrow the scope of litigation at the pleadings stage. But there is. Federal Rule of Civil Procedure 12(b)(6) allows the Court to determine the legal sufficiency of a claim, and it will normally subsume any Rule 12(f) analysis. It is the rare case where allegations subject to a Rule 12(f) motion to strike—*i.e.*, "redundant, immaterial, impertinent, or scandalous" allegations—would somehow persuade a court that a claim is legally sufficient under Rule 12(b)(6).

In this case, despite the substantial effort Defendants' counsel have invested in this motion, the Court will strike a total of 110 words spread across the 114 pages of the FAC, less than one word per page.

Defendants group the allegations they seek to strike into several categories, which the Court will address in turn. For the sake of convenience, the Court will use the labels chosen by Defendants.

**A.  Market conduct allegations**

Defendants first challenge a set of allegations that deal with Defendants' conduct in the market for mortgage-backed securities.  Dkt. # 80 at 6.  These allegations concern the difficulty Defendants had in selling certain assets similar to Mainsail and Victoria commercial paper.  Defendants argue that these allegations are immaterial because they concern securities that Plaintiff did not buy and draw on pleadings from other lawsuits.  *Id.* at 7.

The Court rejects these arguments.  The market conduct allegations are not immaterial solely because they do not relate to Mainsail and Victoria.  "Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being plead[ed]."  *Whittlestone*, 618 F.3d at 974 (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (1990) (internal quotation marks omitted)).  The market conduct allegations illuminate Defendants' knowledge of credit markets and expectations about whether products like Mainsail and Victoria were likely to default.  *See* Dkt. # 88 at 9.  They thus relate to Plaintiff's claims for breach of contract and securities fraud.

The Court assumes Defendants are right that the market conduct allegations mirror allegations from complaints that did not end in adjudication on the merits.  This would not make the market conduct allegations immaterial.  Defendants' support this argument with a few precedents from the Second Circuit.  *See* Dkt. # 80 at 8; s*ee also, e.g.*, *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 892-94 (2d Cir. 1976).  But the Second Circuit's position finds no support in the plain language of Rule 12(f), which controls absent "the most compelling of reasons."  *Hillis v. Heineman*, 626 F.3d 1014, 1017 (9th Cir. 2010).  Immateriality concerns the relationship between the facts alleged and the relief sought.  *See Whittlestone*, 618 F.3d at 974.  As a matter of plain language, it does not concern the factual basis for allegations.

1    Further, the Second Circuit's position does not apply to this case.  Under the Second

2    Circuit's rule, allegations drawn from other complaints are immaterial as a matter of law only

3    where the other complaints are the sole basis for the allegations.  *See RSM Prod. Corp. v.*

4    *Fridman*, 643 F. Supp. 2d 382, 403-04 (S.D.N.Y. 2009).  The market conduct allegations are

5    supported by citations to documents other than the outside pleadings identified by Defendants.

6    *See* FAC ¶ 123 & nn. 45-47.

7    **B.  Quid pro quo allegations**

8    Defendants next challenge a set of so-called quid pro quo allegations as immaterial and

9    implausible.  Dkt. # 80 at 9.  These allegations concern a supposed deal in which Defendants

10   agreed to sell Mainsail's debt offerings in exchange for Mainsail buying over $100 million of

11   Defendants' toxic subprime assets.

12   The Court declines to strike these allegations.  Defendants' immateriality argument

13   repeats the fallacy that Rule 12(f) considers allegations immaterial when they are drawn from

14   other complaints.  Dkt. # 80 at 9-10.  Further, as with the market conduct allegations, this reading

15   of Rule 12(f) does not apply to the quid pro quo allegations because they do not depend

16   exclusively on the other complaints.  *See RSM Prod. Corp.*, 643 F. Supp. 2d at 403-04.  The

17   allegations cite an internal email and analysis of Mainsail for support.  FAC ¶ 109.

18   Defendants' argument about plausibility is misplaced.  Defendants argue that Plaintiff's

19   interpretation of documentary evidence of a quid pro quo deal does not meet the plausibility

20   standard for pleadings laid out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and

21   *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Dkt. # 80 at 10.  This has nothing to do with a Rule 12(f)

22   motion to strike.  The question of plausibility applies to a Rule 12(b)(6) motion to dismiss for

23   failure to state a claim upon which relief can be granted.  *See Iqbal*, 556 U.S. at 678.  Defendants

24   have filed a separate Rule 12(b)(6) motion, and the Court will not entertain here arguments that

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE
ALLEGATIONS FROM FIRST AMENDED COMPLAINT - 4

1    try to circumvent the page limits for that motion.  *See* Dkt. # 79; Local Rule W.D. Wash. CR

2    7(e)(3).

3    **C. Litigation allegations**

4         Defendants move the Court to strike allegations related to their prior conduct during this

5    litigation.  Dkt. # 80 at 11.  Defendants argue these allegations are editorial in nature and

6    therefore impertinent.  *Id.* at 11.

7         There is little to be gained from this argument.  Nonetheless, the litigation allegations are

8    mostly inappropriate commentary.  The allegations underlying a claim must "show[] that the

9    pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The litigation allegations, which allude to

10   Defendants' litigation strategies and conduct during discovery, do not show entitlement to relief.

11   Plaintiff argues that the litigation allegations provide context for other factual allegations.  Dkt.

12   # 88 at 12.  But the FAC can convey the factual content at issue without editorializing.  The

13   Court will therefore strike the following portions of the FAC:

14        • In paragraph 34: "Merrill has suggested during the course of this litigation that it

15          and King County agreed at some time prior to July 2007 to alter, amend, or

16          abandon the Dealer Certification."

17        • In paragraph 43: "in connection with this lawsuit and in derogation of its duty of

18          good faith."

19        • In paragraph 92: "Merrill's contention that these losses were the unfortunate

20          result of an unforeseeable market collapse, or 'hundred year flood,' is simply not

21          true."

22        • In footnote 12:  "Nor was she, as Merrill has suggested, a mere 'order taker.'"

23

24

- In footnote 37: "Despite King County's requests, Merrill has not yet produced this chart from the Solent presentation in color."

- In footnote 55: "To date, Merrill has resisted discovery as to how these capital and mezzanine notes were placed."

**D. Recommendation allegations**

Last, Defendants move to strike so-called recommendation allegations, which discuss the extent to which Defendants recommended Mainsail for purchase.  Dkt. # 80 at 12.  Defendants contend these allegations must be stricken because they are inconsistent with allegations in Plaintiff's first complaint and contradicted by Plaintiff's receipt of a prospectus describing Mainsail's structure and risks.  *Id.*

The inconsistency argument fails.  An amended complaint may not allege new facts that are inconsistent with an earlier pleading.  *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296-97 (9th Cir. 1990).  But there is no inconsistency between the FAC and the original complaint.  The purported inconsistency stems from the FAC's allegation that one of Defendants' employees emailed Plaintiff with a description of Mainsail "as a [commercial paper] offering[] you might like."  FAC ¶ 138.  Defendants argue this allegation is inconsistent with the original complaint's concession that Defendants never recommended Mainsail.  Dkt. # 80 at 12.  This characterization of the original complaint is false.  The original complaint did not mention the email alleged in the FAC, but this is a far cry from conceding that Defendants made no effort to market Mainsail. *See* Dkt. # 1 ¶¶ 78-87, 93.

Defendants' argument regarding the prospectus has no place in the present motion.  The question whether documentary evidence contradicts an allegation has nothing to do with any of Rule 12(f)'s criteria.  *See* Fed. R. Civ. P. 12(f) (allowing court to strike an "insufficient defense

or any redundant, immaterial, impertinent, or scandalous matter").  Defendants have argued at length in their Rule 12(b)(6) motion that the prospectus causes Plaintiff's claims to fail as a matter of law.  *See* Dkt. # 79 at 9-13, 20-22, 24.  The Court will rule on this issue in that order.

### III. CONCLUSION

Having reviewed Defendants' motion to strike, Defendants' request for judicial notice, the exhibits attached thereto, and the relevant briefs, the Court hereby finds and ORDERS:

(1)    Defendants' motion to strike (Dkt. # 80) is GRANTED with respect to the portions of the FAC quoted verbatim in Part II.C of this Order and DENIED in all other respects.

(2)    The parties' requests for oral argument are DENIED as moot.

(3)    The Clerk is directed to forward a copy of this Order to all counsel of record.

Dated this 25 day of June 2012.


RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE